I respectfully dissent from the majority's decision holding defendants in contempt for failure to comply with Special Deputy Commissioner Maddox's August 9, 2006 Order which required defendants to authorize and pay for plaintiff's treatment, including surgery, with Dr. T. Craig Derian.
In the interest of justice and to allow an opportunity for full debate of the issues of the necessity of surgery and, if required, the appropriate type of surgical procedure, without threat of contempt, it is my opinion that, despite defendants' unsuccessful attempt to obtain a stay, the majority should not have found defendants in contempt but should have allowed a waiver of the Rules per Rule 801 considering these circumstances.
In the majority of cases, the failure to obtain a stay does not result in an irreversible situation. For example, if an administrative order requiring defendants to make payments to plaintiff is later reversed after a full evidentiary hearing, defendants may obtain a credit. However, in the instant case, since a stay was denied, perhaps incorrectly, the circumstances are unalterably changed. In the absence of the stay, plaintiff undergoes the surgery recommended by Dr. Derian and if it is later determined that Dr. Lestini's recommendation is more appropriate, that ruling cannot be effectuated, as plaintiff cannot be put back into a pre-surgical state to then undergo the better procedure.
For these reasons, I believe the Order of Deputy Commissioner Rideout should be reversed and defendants should not be held in contempt. *Page 1